## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

DIXIE HINES,

Plaintiff,

v.

TECHTRONIC INDUSTRIES                    Civil Action No.: _____
NORTH AMERICA, INC.; TTI                 JURY TRIAL DEMANDED
CUSUMER POWER TOOLS, INC.;
TTI OUTDOOR POWER
EQUIPMENT, INC.; and
HOME DEPOT U.S.A., INC.,

Defendants.
_____/

## **COMPLAINT**

Plaintiff Dixie Hines ("Plaintiff") brings this product-liability action against Techtronic Industries North America, Inc. ("TTI North America"); TTI Consumer Power Tools, Inc. ("TTI Power Tools"); TTI Outdoor Power Equipment, Inc. ("TTI Outdoor"); and Home Depot U.S.A., Inc. (collectively, "Defendants"), and alleges as follows:

## I. INTRODUCTION & NATURE OF THE ACTION

1. This is a products-liability action under Alabama law (including the Alabama Extended Manufacturer's Liability Doctrine, "AEMLD"). On March 19, 2025, Plaintiff sustained a partial amputation of the tip of her left index finger and lacerations to her left middle finger when a Ryobi 40-Volt Cordless Hedge

Trimmer, Model RY40602VNM, Serial No. LT21142N080479 (the "Subject Trimmer") unexpectedly activated while being used and handled in a normal and foreseeable manner.

2. Defendants designed, manufactured, assembled, labeled, marketed, distributed, and/or sold the subject hedge trimmer and placed it into the stream of commerce in a defective and unreasonably dangerous condition.

3. At all relevant times, each Defendant, in their capacity as manufacturer, importer, distributor, or seller, was responsible for ensuring that the Subject Trimmer was safe and free from defects that could cause foreseeable harm to users in Alabama.

4. As later confirmed by a June 2025 recall of RY40602/RY40602VNM hedge trimmers because the blade can unexpectedly operate when only the trigger or only the lock-off button is pressed, Defendants knew or should have known of the activation hazard and failed to provide adequate warnings or timely corrective action before Plaintiff's injury. (*See* Exhibit A)

5. The Subject Trimmer was included in the June 2025 recall.

## II. PARTIES

6. Plaintiff **Dixie Hines** is an adult resident and citizen of the State of Alabama. At all times relevant she resided in Cusseta, Chambers County, Alabama.

7. Defendant **Techtronic Industries North America, Inc. ("TTI North America")** is a Delaware corporation with its principal place of business located in Florida at 450 E. Las Olas Blvd, Suite 1500, Ft. Lauderdale, FL 33301. At all relevant times it designed, manufactured, assembled, tested, labeled, marketed, distributed, and/or sold Ryobi-branded outdoor power equipment, including the trimmer identified above.

8. Defendant TTI North America directly or indirectly placed the Subject Trimmer into the stream of commerce with the expectation that it would be purchased and used in Alabama. Defendant TTI North America was a substantial factor in bringing the trimmer to market and had actual or constructive knowledge of the risks inherent in its use.

9. Defendant **TTI Consumer Power Tools, Inc. ("TTI Power Tools")** d/b/a/ Techtronic Industries Power Equipment (formerly known as One World Technologies, Inc.) is a Delaware corporation with its principal place of business located in South Carolina at 100 Innovation Way, Anderson, SC 29621. It is an affiliated and/or subsidiary company of TTI North America doing business as Ryobi Tools and, at all relevant times, was involved in the design, marketing, and distribution of Ryobi-branded products, including the subject model.

10. Defendant TTI Power Tools directly or indirectly placed the Subject Trimmer into the stream of commerce with the expectation that it would be purchased and used in Alabama. Defendant TTI Power Tools was a substantial factor in bringing the trimmer to market and had actual or constructive knowledge of the risks inherent in its use.

11. Defendant **TTI Outdoor Power Equipment, Inc. ("TTI Outdoor")** is a South Carolina corporation with its principal place of business in in South Carolina at 100 Innovation Way, Anderson, SC 29621, and is the importer and distributor of certain RYOBI 40V cordless hedge trimmers in the United States. At all relevant times it designed, manufactured, assembled, tested, labeled, marketed, distributed, and/or sold Ryobi-branded outdoor power equipment, including the trimmer identified above.

12. Defendant TTI Outdoor directly or indirectly placed the Subject Trimmer into the stream of commerce with the expectation that it would be purchased and used in Alabama. Defendant TTI Outdoor was a substantial factor in bringing the trimmer to market and had actual or constructive knowledge of the risks inherent in its use.

13. Defendant **Home Depot U.S.A., Inc. ("Home Depot")** is a Delaware corporation with its principal place of business located in Georgia at 2455 Paces Ferry Road, Atlanta, GA 30339, and was, at all times relevant, a retail

seller and distributor of Ryobi-branded products, including the subject hedge trimmer. Defendant **Home Depot** directly or indirectly placed the Subject Trimmer into the stream of commerce with the expectation that it would be purchased and used in Alabama. Defendant **Home Depot** was a substantial factor in bringing the trimmer to market and had actual or constructive knowledge of the risks inherent in its use.

## III. JURISDICTION & VENUE

14. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff is a citizen of Alabama; none of the Defendants is a citizen of Alabama; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. This Court has personal jurisdiction over Defendants because they regularly conduct business in Alabama and placed the Subject Trimmer into the Alabama stream of commerce with the reasonable expectation it would be used in Alabama, and the claims arise out of their Alabama-directed activities.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in the Middle District of Alabama, where Plaintiff used the product and was injured.

## IV. FACTUAL ALLEGATIONS

17. The Subject Trimmer is a Ryobi 40-Volt Cordless Hedge Trimmer, Model RY40602VNM (MFG 107273101), bearing Serial No. LT21142N080479. The product label identifies Techtronic Industries Power Equipment, P.O. Box 1288, Anderson, SC 29622, and instructs use with specified 40-Volt battery packs (e.g., OP40301). The unit is made in Vietnam.



18. Plaintiff purchased the Subject Trimmer from Home Depot at 2190 Tiger Town Parkway, Opelika, Alabama 36801 on or about for ordinary household hedge trimming.

19. Plaintiff used a compatible Ryobi 40-Volt battery of the recommended type and maintained the trimmer consistent with the owner's manual.

20. On March 19, 2025, while holding and handling the trimmer in a normal and foreseeable manner at her residence in Cusseta, Chambers County, Alabama,

the blade unexpectedly energized and moved without Plaintiff's intentional, simultaneous engagement of all required controls.

21. The blade cut off the tip of Plaintiff's left index finger and lacerated her left middle finger.

 

22. The Subject Trimmer was in substantially the same condition as when it left Defendants' control.

23. The defect that resulted in Plaintiff's injuries existed at the time the Subject Trimmer left Defendants' control and was not introduced by any post-sale misuse or alteration.

24. The Subject Trimmer was not misused, modified, or materially altered after sale, and remained in substantially the same condition as when it left Defendants' control.

25. The Subject Trimmer was not subject to any alterations, modifications, or damage of any kind from the time of its purchase through the time of the incident at issue.

26. At the time of the incident, Plaintiff was using the Subject Trimmer in accordance with its instructions for the intended purpose of household hedge trimming, and in a reasonably foreseeable manner.

27. At all times relevant, Plaintiff was using the trimmer in a manner that was intended or reasonably foreseeable by the manufacturer and consistent with the supplied instructions and warnings.

28. Prior to Plaintiff's injury, Defendants knew or should have known that similar Ryobi hedge trimmers—including models RY40602 and RY40602VNM—were prone to unintended blade activation. In June 2025, TTI Outdoor announced a nationwide recall (Recall No. 25-334) because "the trimmer's blade can unexpectedly operate when only the trigger is pulled, or only the lock-off button is pressed," and noted numerous activation reports and injuries. These facts corroborate that the defect existed before Plaintiff's March 2025 injury.

29. On June 12, 2025, a nationwide recall was issued by TTI Outdoor for Ryobi models RY 40602, RY 40602VNM, and others, under Recall Number 25-334, stating that the trimmers' blade can "unexpectedly operate when only the trigger is pulled, or only the lock-off button is pressed."

30. The recall cited 27 prior reports of unintended activation and 16 injury incidents, including severe lacerations, confirming that the defect was actually known to Defendants prior to Plaintiffs injury.

31. The Subject Trimmer was included in the June 2025 recall.

32. Defendants either knew of, or in the exercise of reasonable care should have known of, the specific activation hazard and the ongoing risk to end users based on pre-release testing, consumer complaints, incident reports, and industry safety standards.

33. Upon information and belief, Defendants were aware of this defect, and the danger to end users, when they placed the product into the stream of commerce.

34. Defendants recklessly placed the product into the stream of commerce despite knowing that it was defective and dangerous to end users.

35. Safer alternative designs, such as additional redundant interlock systems, were feasible, available, and commonly implemented in comparable products at the time of manufacture and sale.

36. Safer alternative designs existed and were economically and technologically feasible at the time of manufacture and sale, including: (a) an effective and durable interlock/shut-off mechanism preventing motor activation unless all safety controls are actively and intentionally engaged; (b) circuitry and

firmware that eliminates unintended activation; and (c) clear, prominent warnings alerting users to the risk of unexpected blade operation and safe handling/parking procedures.

37. Before March 2025, Defendants had actual or constructive knowledge of unexpected activation events and consumer complaints involving RY40602/RY40602VNM trimmers. In June 2025, after Plaintiff's incident, TTI Outdoor announced a recall for these models because "the trimmer's blade can unexpectedly operate when only the trigger is pulled, or only the lock-off button is pressed," corroborating that the defect existed prior to Plaintiff's injury. Defendants failed to timely warn Alabama consumers or implement a corrective action prior to Plaintiff's injury.

38. Plaintiff provided written notice of breach of warranty claims to each Defendant from whom warranty relief is sought, within a reasonable time after discovery of the breach and resulting injury, specifying the nature of the breach and the resulting damages.

39. The defective and unreasonably dangerous condition of the Subject Trimmer, and Defendants' failures to warn/recall, were producing and proximate causes of Plaintiff's injuries. Plaintiff's conduct was not negligent and was not a proximate cause of her injuries.

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the injuries described above and has incurred, and will continue to incur, medical expenses; lost wages and/or earning capacity; physical pain; mental anguish; scarring and disfigurement; loss of dexterity and grip strength; functional impairment; and loss of enjoyment of life.

41. Alabama law governs all claims, and that each Defendant is a proper party under the AEMLD.

## V. CAUSES OF ACTION

<u>COUNT I</u>
**Alabama Extended Manufacturer's Liability Doctrine (AEMLD)**
**(Against All Defendants)**

42. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

43. Defendants are each a manufacturer, supplier, seller, and/or distributor under the meaning of Alabama's AEMLD and placed the Subject Trimmer into the stream of commerce.

44. When the product left Defendants' control, it was defective and unreasonably dangerous for its intended and foreseeable uses—including handling, storage, and post-operation handling—because its blade could unexpectedly activate due to inadequate safety interlocks and control logic, and because Defendants failed to provide adequate warnings/instructions.

45. The Subject Trimmer was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and any utility of its design was outweighed by the risk posed by the activation hazard.

46. The product reached Plaintiff without substantial change, was used in a manner that was intended or reasonably foreseeable, and its defective condition was the proximate cause of Plaintiff's injuries and damages. Under the AEMLD, Defendants are liable to Plaintiff for all damages allowed by Alabama law.

47. Defendants failed to provide adequate warnings and instructions regarding the risk of unexpected activation, safe handling, set-down, battery changes, and storage. These failures rendered the Subject Trimmer defective and unreasonably dangerous under the AEMLD.

48. An adequate warning would have altered the behavior of a reasonable consumer and prevented or mitigated Plaintiff's injuries. The inadequate warnings were a producing and proximate cause of Plaintiff's damages.

49. In the alternative, the Subject Trimmer deviated from Defendants' design specifications and performance standards due to defects in component parts, switches, firmware, wiring, assembly, and/or quality control, creating an activation hazard.

50. The deviation existed when the product left Defendants' control and was a producing and proximate cause of Plaintiff's injuries.

## COUNT II
### Negligence (Design, Manufacturing, Testing, Inspection, Marketing & Failure to Warn)
### (Against TTI North America, TTI Power Tools, and TTI Outdoor)

51. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

52. TTI North America, TTI Power Tools, and TTI Outdoor owed duties to use reasonable care in designing, engineering, testing, inspecting, manufacturing, assembling, labeling, instructing, marketing, quality-controlling, reporting hazards, initiating recalls or retrofits, and providing adequate warnings/instructions for the Subject Trimmer.

53. TTI North America, TTI Power Tools, and TTI Outdoor breached those duties by, among other things:

    a) designing/releasing a trimmer that allows blade activation without intentional, simultaneous two-hand control;

    b) failing to implement redundant interlocks, neutral-start logic, debouncing, and an effective blade-brake;

    c) conducting inadequate hazard analyses, verification/validation testing, and supplier quality oversight;

    d) failing to provide clear, prominent warnings; and

e) failing to timely investigate, report, warn, retrofit, or recall despite knowledge of the activation hazard and consumer complaints.

54. Safer alternative designs, including reliable interlock/shut-off mechanisms and improved control logic, were feasible and available at the time of manufacture and sale, and would have prevented the hazard without impairing product utility.

55. Defendants failed to respond appropriately to incident data, consumer complaints, and/or product performance reports that indicated the existence of the activation hazard prior to Plaintiff's sale and injury.

56. These breaches were the proximate cause of Plaintiff's injuries and damages.

## COUNT III
### Wantonness (Ala. Code § 6-11-20(b)(3))
### (Against TTI North America, TTI Power Tools, and TTI Outdoor)

57. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

58. With knowledge of the probable risk of harm, TTI North America, TTI Power Tools, and TTI Outdoor consciously disregarded that risk by placing and keeping the product on the market without adequate safety interlocks or warnings and by failing to timely correct or warn about a known activation hazard as later confirmed by the recall.

59. Defendants' conduct constitutes wantonness under Alabama law and warrants punitive damages.

60. Plaintiff seeks punitive damages for wantonness and conscious disregard for end-user safety and will prove such conduct as required by Alabama law.

61. TTI North America, TTI Power Tools, and TTI Outdoor actions, inactions, and/or omissions were the proximate cause of Plaintiff's injuries and damages.

## COUNT IV
### Negligence and/or Wantonness (Sale, Distribution & Warnings)
### (Against Home Depot U.S.A., Inc.)

62. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

63. As a retail seller/distributor, Home Depot owed duties to exercise reasonable care in selling the Subject Trimmer, to communicate manufacturer safety information and known hazards, and to provide adequate warnings/instructions to foreseeable users.

64. As a retail seller and distributor, Home Depot owed duties to exercise reasonable care in selling the subject trimmer, to provide adequate warnings/instructions to foreseeable users, to remove or withhold from sale products it knew or should have known were defective or unreasonably

dangerous, and to communicate safety information received from the manufacturer and the market.

65. Privity of contract exists between Plaintiff and Home Depot due to the direct sale, and written notice of breach of warranty was provided to Home Depot promptly after Plaintiff learned of the defect and her injury, as required by Alabama law.

66. Home Depot—Alabama 'Innocent Seller' Allegations. Home Depot exercised substantial control over warnings and consumer communications at the point of sale, repackaged and reshelved units, and had actual or constructive knowledge of the activation hazard and recall trend information before Plaintiff's purchase. Home Depot failed to communicate adequate warnings to Plaintiff and failed to remove or quarantine affected units. These allegations are pled to fit the exceptions in Ala. Code § 6-5-521 so that claims may proceed against a seller/distributor.

67. Home Depot is not shielded from liability by virtue of Ala. Code § 6-5-521 as Plaintiff alleges, inter alia, actual/constructive knowledge of the defect, substantial control over warnings and post-sale communications, and independent acts or omissions giving rise to liability as set forth in this Complaint.

68. Home Depot breached those duties by selling and distributing a defective and unreasonably dangerous trimmer without adequate warnings, by exercising substantial control over point-of-sale warnings and consumer communications while failing to provide adequate hazard information, and by failing to remove or quarantine affected units despite actual or constructive knowledge of unexpected activation hazards and recall trend information.

69. These allegations are pled to satisfy the exceptions of Ala. Code § 6-5-521, including but not limited to substantial control over warnings/communications, actual or constructive knowledge of the defect, and negligent failure to warn.

70. Home Depot's breaches were a producing and proximate cause of Plaintiff's injuries and damages.

## <u>COUNT V</u>
**Breach of Implied Warranties (U.C.C. §§ 2-314, 2-315 as adopted in Alabama)**
**(Against Home Depot U.S.A., Inc.)**

71. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

72. Plaintiff purchased the Subject Trimmer from Home Depot, thereby establishing privity. Home Depot impliedly warranted that the trimmer was

merchantable and fit for ordinary and particular purposes of trimming hedges safely when used as intended and in a reasonably foreseeable manner.

73. Plaintiff relied on Home Depot's skill, expertise, and recommendations in selecting a hedge trimmer fit for the ordinary and particular purpose of safe household use.

74. At the time of sale, Home Depot impliedly warranted that the hedge trimmer was merchantable and fit for ordinary purposes for which such goods are used and that it was fit for the particular purpose of trimming hedges safely when used as intended and in a reasonably foreseeable manner.

75. The trimmer was not merchantable and not fit for its ordinary or particular purpose due to the unexpected activation hazard and inadequate warnings.

76. The trimmer was not merchantable and not fit for its ordinary or particular purpose due to the defect permitting unexpected blade activation and due to inadequate warnings, breaching the implied warranties and proximately causing Plaintiff's injuries. Plaintiff pleads privity and damages sufficient to maintain these claims to the extent required by Alabama law.

77. Home Depot had actual, pre-suit notice of the very defect and resulting breach of implied warranties before Plaintiff filed this action by virtue of the manufacturer's June 2025 recall of Ryobi Model RY40602/RY40602VNM hedge trimmers.

78. Home Depot had actual, pre-suit notice of the defect and breach by virtue of the June 12, 2025 CPSC recall (No. 25-334) identifying Home Depot as a seller and the retailer-facing in-store recall notice created to be posted for 120 days or until at least October 12, 2025, which Home Depot itself hosted and published. These recall communications placed Home Depot on notice of the defect, hazard, and the likelihood of consumer injury claims, such that the timing of any additional notice from Plaintiff did not prejudice Home Depot.

79. Exhibit B attached hereto is a copy of the in-store recall notice maintained by Home Depot, identifying Home Depot as a seller and notifying of the defect described herein.

80. All notice requirements for breach of warranty under Alabama law have been satisfied, and Home Depot was not prejudiced by the timing of such notices in light of the public recall and in-store postings.

81. Plaintiff, as a buyer of the Product, provided Home Depot and each Defendant from whom warranty relief is sought with written notice that the transaction was claimed to involve breaches of warranty, within a reasonable time after Plaintiff discovered (or should have discovered) the breach and resulting injuries. See Ala. Code § 7-2-607(3)(a).

82. Home Depot's breach was a producing and proximate cause of Plaintiff's injuries.

<u>COUNT VI</u>
**Negligent Post-Sale Duty to Warn/Recall (Voluntary Undertaking)**
**(Against All Defendants)**

83. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs.

84. After sale and before Plaintiff's injury, Defendants knew or should have known that the hedge trimmer posed a serious risk of unintended activation, triggering a post-sale duty to warn and/or to exercise reasonable care to mitigate the hazard.

85. Defendants failed to timely warn Plaintiff and similarly situated Alabama consumers, to effectuate a timely recall, or otherwise to eliminate the danger.

86. The subsequent recall underscores Defendants' pre-injury knowledge and the foreseeability of harm.

87. Defendants' negligent post-sale conduct proximately caused Plaintiff's injuries.

## VI. DAMAGES

88. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered:

  1) Partial amputation of the left index fingertip and lacerations to the left middle finger;

  2) Past and future medical expenses and rehabilitation;

3) Pain and suffering, mental anguish, disfigurement, and loss of enjoyment of life;

4) Lost wages and diminished earning capacity; and

5) Such other damages as allowed by Alabama law.

## VII. PRESERVATION OF EVIDENCE

Plaintiff has preserved the Subject Trimmer and demands that all Defendants preserve the Subject Trimmer, exemplar units, component parts, design drawings, software/firmware, test data, quality records, complaint records, consumer complaints, communications with retailers, and recall-related materials.

## VIII. PRESERVATION OF RIGHTS TO AMEND

Plaintiff reserves the right to amend this complaint should additional facts, parties, or claims become apparent through the course of discovery, in accordance with the Federal Rules of Civil Procedure.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, and award:

A. Compensatory damages in an amount to be determined by the jury;

B. Punitive damages as allowed by Alabama law;

C. Pre- and post-judgment interest;

D. Costs of suit; and

E. All other and further relief the Court deems just and proper.

## V. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: March 9, 2026

Respectfully submitted,

*/s/ Angela L. Trawick*

**Angela L. Trawick, Esq.**
**AL Bar No. 1928N67K**
**FL Bar No. 112236**
Ketterer Browne & Associates
4300 Bayou Blvd., Ste. 16, Fl. 2
Pensacola, FL 32503
angelatrawick@kbaattorneys.com
Ph: (850) 786-1266
Fax: (850) 801-3190

*Counsel for Plaintiff*

**EXHIBIT A**



United States
CONSUMER PRODUCT SAFETY COMMISSION

# TTI Outdoor Power Equipment Recalls RYOBI 40-Volt 24-Inch Cordless Hedge Trimmers Due to Laceration Hazard



Recalled RYOBI 40V 24" Hedge Trimmer





**Name of Product:**
RYOBI 40V 24-Inch Cordless Hedge Trimmers

**Hazard:**

The hedge trimmer blade can unexpectedly activate after pressing just the safety or trigger control individually rather than engaging the safety and trigger controls simultaneously, posing a laceration hazard.

**Remedy:**
Replace

**Recall Date:**
June 12, 2025

**Units:**

About 113,000 (In addition, about 15,000 were sold in Canada)

Consumer
Contact

TTIOPE toll-free at 800-597-9624 from 9 a.m. to 5 p.m. ET Monday through Friday, or online at https://www.ryobitools.com/recall or https://www.ryobitools.com/ and click on "Important Recall Information" at the bottom of the page for more information.

# Recall Details

**In Conjunction With:**



**Description:**

This recall involves RYOBI 40V 24-Inch Cordless Hedge Trimmers with model numbers RY40620VNM, RY40602VNM and RY40602BTLVNM, and with serial numbers within ranges LT21091D180001 - LT22365D060025 and RG23125N250001 - RG24252D101110. The model and serial numbers are on the data plate located on the bottom of the trimmer.

**Remedy:**

Consumers should immediately stop using the recalled RYOBI 40V 24-Inch Cordless Hedge Trimmers and visit https://www.ryobitools.com/recall to determine if their trimmer is included in the recall. The recalled trimmer must be returned to TTI Outdoor Power Equipment (TTIOPE), in order to receive a free replacement trimmer (pre-paid label will be provided). Proof of purchase (receipt) is not required. TTIOPE is contacting all known purchasers.

**Incidents/Injuries:**

The firm has received 27 reports of the blade activating after pressing just one of the controls, including 16 reports of injuries that resulted in minor and some severe lacerations.

**Sold At:**

Home Depot and Direct Tools Factory Outlet stores nationwide and online at www.homedepot.com and www.directtoolsoutlet.com from March 2021 through January 2025 for between $90 and $160.

**Importer(s):**

TTI Outdoor Power Equipment Inc., of Anderson, South Carolina

**Manufactured In:**

Vietnam

**Recall number:**

25-334

Fast Track
Recall

Note: Individual Commissioners may have statements related to this topic. Please visit
www.cpsc.gov/commissioners to search for statements related to this or other topics.

**Recall Complaint**

If you are experiencing issues with a recall remedy or believe a company is being non-
responsive to your remedy request, please use this form and explain the situation to
CPSC.

**EXHIBIT B**

# IMPORTANT SAFETY RECALL NOTICE

### RYOBI 40 Volt
### 24-Inch Cordless Hedge Trimmer



The hedge trimmer blade can unexpectedly activate after pressing just the safety or trigger control individually rather than engaging the safety and trigger controls simultaneously, posing a laceration hazard.

**Model Numbers:**
RY40620VNM, RY40602VNM, and RY40602BTLVNM

**Serial Numbers:**
LT21091D180001 - LT22365D060025
RG23125N250001 - RG24252D101110

Sold at Home Depot and Direct Tools Factory Outlets From
March 2021 through January 2025

Consumers should immediately discontinue use of the product and visit
**www.ryobitools.com/recall/** for instructions on how to receive a new
RYOBI 40 Volt 24-Inch Cordless Hedge Trimmer.

**If you have any questions or require additional information,
please contact Ryobi Customer Service at
1-800-597-9624 from 9 a.m. to 5 p.m. ET**

Post for 120 days or until at least October 12, 2025        In cooperation with the U. S. Consumer Product Safety Commission and Health Canada

# IMPORTANT SAFETY RECALL NOTICE

## RYOBI 40 Volt
## 24-Inch Cordless Hedge Trimmer



| HD SKU | Model | UPC | Internet # | Description |
|---|---|---|---|---|
| 1003063057 | RY40620 | 46396024091 | 306706671 | 40V 24 in. Cordless Battery Hedge Trimmer with 2.0 Ah Battery and Charger |
| 1004112843 | RY40602BTL | 46396025470 | 308438344 | 40V 24 in. Cordless Battery Hedge Trimmer (Tool Only) |
| 1006440046 | RY40620 | 46396024091 | 306706671 | TTI_POWER_S/O_26-32-60_PORTABLE_POWER |
| 1005156019 | RY40480-HDG | 46396034604 | 312429167 | 40V 110 MPH 525 CFM Cordless Variable-Speed Jet Fan Leaf Blower & 24 in. Hedge Trimmer with 4.0 Ah |
| 1005209968 | RY40250-HDG | 46396034758 | 312829068 | 40V Expand-It Cordless Attachment Capable String Trimmer and Hedge Trimmer with 4.0 Ah Battery |
| 1004440462 | RY401120-CMB2 | 46396032256 | 309993078 | Trimmer, and String Trimmer with (3) Batteries and Chargers |
| 1005133630 | RY40BT-CMB1 | 46396034663 | 312420414 | 40V Cordless Attachment Capable String Trimmer with Leaf Blower, 24 in. Hedge Trimmer and 14 in. Chainsaw (Tools Only) |
| 1009366820 | RY40470-HDG | 46396051950 | 324760637 | 40V Brushless 125 MPH 550 CFM Cordless Whisper Series Jet Fan Blower and Hedge Trimmer with 4.0 Ah Battery and Charger |

The hedge trimmer blade can unexpectedly activate after pressing just the safety or trigger control individually rather than engaging the safety and trigger controls simultaneously, posing a laceration hazard.

### Model Numbers:
RY40620VNM, RY40602VNM, and RY40602BTLVNM

### Serial Numbers:
LT21091D180001 - LT22365D060025
RG23125N250001 - RG24252D101110

Sold at Home Depot and Direct Tools Factory Outlets From
March 2021 through January 2025

Consumers should immediately discontinue use of the product and visit
**www.ryobitools.com/recall/** for instructions on how to receive a new
RYOBI 40 Volt 24-Inch Cordless Hedge Trimmer.

### If you have any questions or require additional information,
### please contact Ryobi Customer Service at
### 1-800-597-9624 from 9 a.m. to 5 p.m. ET

Post until at least October 12, 2025                    In cooperation with the U. S. Consumer Product Safety Commission and Health Canada